## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

BROADCAST MUSIC, INC., ET AL.,

          **Plaintiffs,**

v.                                 **Case No:   6:13-cv-1917-Orl-31KRS**

PRB PRODUCTIONS, INC. and PETER
R. BROWN,

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION . . . FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS PRB PRODUCTIONS, INC. D/B/A BAROOS BEACHSIDE BAR AND PETER R. BROWN (Doc. No. 18)** |
| **FILED:** | **April 30, 2014** |

## I.    PROCEDURAL HISTORY.

       On December 16, 2013, Plaintiff Broadcast Music, Inc., ("BMI") and a number of other named plaintiffs (set forth below), filed a complaint against Defendants PRB Productions, Inc., and Peter R. Brown.   Doc. No. 1.   Plaintiffs raised eight claims of copyright infringement.   *Id.* at 4.   Defendants were properly served with the Complaint, but failed to respond.   *See* Doc. Nos. 10, 16-1.   On March 5, 2014, and April 21, 2014, the Clerk of Court entered defaults against Defendants Brown and PRB Productions respectively.   Doc. Nos. 12, 17.

On April 30, 2014, Plaintiffs moved for default judgment against Defendants, which motion was referred to me for a Report and Recommendation.   BMI served Defendants with a copy of the motion (*see* Doc. No. 18 at 11), but they have not responded to it and the time for doing so has passed.   Accordingly, the matter is now ripe for consideration.

## II.     STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.   *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.").   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" a default judgment.   *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   This analysis applies equally to motions for default judgment.   *See De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.   Rather, the Court determines the amount and character of damages to be awarded."   *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).   If a default judgment is warranted, the

Court may hold a hearing for purposes of assessing damages.   Fed. R. Civ. P. 55(b)(2); *see also*

*SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).   However, a hearing is not necessary if

a party submits sufficient evidence to support the request for damages.   *Smyth*, 420 F.3d

at 1232 n.13.

## III.   ALLEGATIONS OF THE COMPLAINT.

Plaintiff BMI is a New York corporation that has been granted the right to license the

public performance rights in approximately 7.5 million copyrighted musical compositions (the

"BMI Repertoire"), including those owned by the other Plaintiffs.[1]   Doc. No. 1 ¶ 3.

The other Plaintiffs in this case are: (1) EMI Virgin Songs, Inc. d/b/a EMI Full Nelson

Music; (2) EMI Virgin Songs, Inc. d/b/a EMI Longitude Music; (3) Sony/ATV Songs LLC;

(4) Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing; (5) Sony/ATV Songs LLC d/b/a

Sony/ATV Acuff Rose Music; (6) Arc Music Corp.; (7) Bocephus Music, Inc.; (8) R-Key Darkus

---

[1] The Copyright Act provides that the "legal or beneficial owner of an exclusive right under a copyright" is entitled to bring an infringement action.   17 U.S.C. § 501(b).   BMI is a music performing rights organization that acquires *non-exclusive* rights to license public performances of copyrighted musical compositions.   Doc. No. 18 at 2.   Non-exclusive licensees lack statutory standing to sue for copyright infringements.   *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1297 (11th Cir. 2011).   However, an associational organization like BMI may have standing to sue on behalf of its members when, among other things, "its members would otherwise have standing to sue in their own right," and "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1327 (11th Cir. 2014) (internal quotations omitted).

It does not appear that the Eleventh Circuit has addressed the standing of associations, like BMI, to file a copyright infringement claim on behalf of its members.   However, the United States Court of Appeals for the Second Circuit has held that associations representing United States copyright owners could not file copyright infringement claims on behalf of their members because "'the Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.'"   *Authors Guild, Inc. v. HathiTrust,* — F.3d —, 2014 WL 2576342, at *4 (2d Cir. 2014) (quoting *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir.1991)).   This Court need not decide the associational standing issue in this case because there are other named Plaintiffs who own the copyrights at issue who do have statutory standing to bring the instant copyright infringement action.   *See Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1562 n.1 (M.D. Fla. 1995) ("Even if [plaintiff] were a nonexclusive licensee, any putative defect in [plaintiff's] standing to sue is cured by joinder of the copyright owner as a plaintiff in this suit.").

Publishing; (9) Orbi-Lee Publishing; (10) Barbara Orbison Music Company (the d/b/a of the Barbara A. Orbison 2003 Revocable Trust); (11) Unichappell Music Inc.; (12) Sloopy II Inc. d/b/a Sloopy II Music; (13) Fab Bird Music; (14) Songs of Universal, Inc.; and (15) Georgian Hills Music (collectively, the "Publisher Plaintiffs").   *Id.* ¶¶ 5-19.   These Plaintiffs own copyrights in the musical compositions that are the subject of this lawsuit.   *Id.* ¶¶ 5-19, 33 & attached Schedule.

Defendant PRB Productions, Inc. is a Florida corporation that operates, maintains and controls an establishment known as Baroos Beachside Bar, located in Indialantic, Florida ("the Establishment").   *Id.* ¶ 20.   Defendant Peter R. Brown is the president of PRB Productions, and he has primary responsibility for the operation and management of PRB Productions and the Establishment.   *Id.* ¶ 23.   Defendant Brown also has the right and ability to supervise the activities of PRB Productions.   *Id.* ¶ 24.   Defendants PRB Productions and Brown have a direct financial interest in the Establishment.   *Id.* ¶¶ 22, 24.

In connection with the operation of the Establishment, Defendant PRB Productions publicly performed musical compositions and/or causes musical compositions to be publicly performed.   *Id.* ¶¶ 20-21.   Specifically, on the dates listed below, Defendants publicly performed or caused to be publicly performed at the Establishment the musical compositions identified below without license or permission to do so:

| Claim No. | Musical Composition & Writer(s) | Publisher Plaintiff(s) | Date(s) of Copyright Registration | Registration No(s). | Date of Infringement |
|---|---|---|---|---|---|
| 1 | Angel Flying Too Close To The Ground, by Willie Nelson | EMI Virgin Songs, Inc. d/b/a EMI Full Nelson Music | 1/18/1979 | PA 49-322 | 9/24/2013 |
| 2 | Crazy, by Willie Nelson | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing | 3/6/1989 10/16/1961 | RE 422-869 Ep 156698 | 9/25/2013 |
| 3 | Everyday a/k/a Nobody Loves Me (Everyday I Have The Blues), by Peter Chatman | Arc Music Corp. | 1/28/1980 | RE 50-631 | 9/24/2013 |
|  |  |  |  |  |  |

| 4 | Family Tradition, by Hank Williams, Jr. | Bocephus Music, Inc. | 2/8/1979 | PA 32-171 | 9/25/2013 |
|---|---|---|---|---|---|
| 5 | Oh, Pretty Woman a/k/a Pretty Woman, by Roy Orbison & Bill Dees | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music; Roy Kelton Orbison, Jr. d/b/a R-Key Darkus Publishing; Alexander Orbison d/b/a Orbi-Lee Publishing; Barbara A. Orbison 2003 Revocable Trust d/b/a Barbara Orbison Music Company | 1/13/1992 8/28/1964 | RE 569-701 Ep 191739 | 9/25/2013 |
| 6 | Piece of My Heart, by Bert Berns & Jerry Ragovoy | Sony/ATV Songs, LLC; Unichappell Music, Inc; Sloopy II Inc. d/b/a Sloopy II Music | 10/12/1967 | Eu 19125 | 9/24/2013 |
| 7 | Tuff Enuff, by Kim Wilson | Kim Wilson, Jimmie Lawrence Vaughan, Francis Anthony Christina, Preston Hubbard, a partnership d/b/a Fab Bird Music | 4/29/1985 | PAu 727-534 | 9/24/2013 |
| 8 | Strawberry Wine, by Matraca Berg & Gary Harrison | EMI Virgin Songs, Inc. d/b/a EMI Longitude Music; Songs of Universal, Inc.; Gary Stefan Harrison, an individual d/b/a Georgian Hills Music | 11/21/1996 | PA 840-407 | 9/25/2013 |

*Id.* ¶¶ 29-30, 34 & attached Schedule.   Each musical composition listed in the table above was created by the respectively named writer(s).   *Id.* ¶ 31.

For each musical composition identified in the table above, the Publisher Plaintiff(s) complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed.  *Id.* ¶ 32.   The listed Publisher Plaintiff(s) was (and still is) the owner of the copyright in the respective musical compositions listed.  *Id.* ¶ 33.   On the date of the infringement listed in the above table, BMI was (and still is) the licensor of the public performance rights in the musical compositions listed.   *Id.*

## IV.   ANALYSIS.

### A.   *Liability.*

To establish copyright infringement alleging the unauthorized public performance of a copyrighted musical composition, a plaintiff must demonstrate five elements: (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed

publicly by the defendant; and (5) that the defendant did not receive permission from any of the plaintiffs or their representatives for such performance. *Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, No. 8:11-cv-2056-T-17TBM, 2013 WL 5487066, at *2 (M.D. Fla. Sept. 30, 2013).

Plaintiffs alleged in the Complaint that each of the musical compositions listed in the table above was created by the respectively named writer or writers. Doc. No. 1 ¶ 31 & attached Schedule. These allegations establish the first element of copyright infringement. In satisfaction of the second element, Plaintiffs alleged their compliance with the formalities of the Copyright Act and provided the numbers of the copyrights they thereby received. *Id.* ¶ 32. Plaintiffs established the third element by alleging that they were, and still are, the owners of the copyrights for the musical compositions performed at the Establishment. *Id.* ¶ 33. Plaintiffs established the fourth element by alleging that Defendants publicly performed the musical compositions at the Establishment on September 24 and 25, 2013, or caused the musical compositions to be publicly performed at the Establishment on those dates. *Id.* ¶¶ 30, 34 & attached Schedule. Finally, Plaintiffs established the fifth element by alleging that Defendants publicly performed the musical compositions, or caused them to be publicly performed, without a license or permission to do so. *Id.* ¶ 34. Accordingly, the well-pleaded allegations in the Complaint, which Defendants are deemed to have admitted, establish each of the elements of copyright infringement. These allegations are sufficient to establish that PRB Productions, Inc., the owner of the Establishment where the infringement occurred, is liable for copyright infringement as alleged in each count of the Complaint.

Defendant Brown, as a corporate officer of PRB Productions, may be jointly and severally liable with PRB Productions for copyright infringement. *Quartet Music v. Kissimmee Broad., Inc.*, 795 F. Supp. 1100, 1103 (M.D. Fla. 1992). "'An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or

who personally participates in that activity is personally liable for the infringement.'" *S. Bell Tel. & Tel. Co. v. Assoc. Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985) (quoting *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 517 F. Supp. 900, 904 (S.D.N.Y. 1981). Liability attaches even if the corporate officer was ignorant of the infringement.   *Id.*

Plaintiffs allege that Brown has both the right and ability to supervise the activities of PRB Productions and the primary responsibility to operate and manage the Establishment.   Doc. No. 1 ¶¶ 20, 23-24.   Plaintiffs further allege that Brown has a direct financial interest in the Establishment.   *Id.* ¶¶ 22, 24.   These allegations are sufficient to establish that Brown is liable for copyright infringement as alleged in each count of the Complaint.

B.      *Damages.*

The Copyright Act permits a plaintiff to elect either actual or statutory damages. 17 U.S.C. § 504.   In this case, Plaintiffs elect to receive statutory damages.   Doc. No. 18 at 6.

In support of their request for statutory damages, Plaintiffs present the Declaration of Lawrence E. Stevens, Assistant Vice President, Licensing, for BMI.   Doc. No. 18-2.   Stevens avers that BMI learned sometime before January 2011 that the Establishment was offering musical entertainment without a license from BMI and without permission from the copyright owners whose music was being publicly performed.   *Id.* ¶ 3.   BMI sent cease and desist letters to Defendants from January 2011 through October 2, 2013, but Defendant did not respond.   *Id.* ¶¶ 3, 5, 6.

Additionally, Stevens avers that BMI licensing personnel visited the Establishment on one occasion and spoke with individuals associated with the Establishment's operation by telephone, including two telephone conversations with Defendant Brown.   *Id.* ¶ 8.   Despite these efforts,

Defendants did not enter into a licensing agreement and they continued to offer unauthorized public performances of BMI-licensed music. *Id.* ¶ 9.

On September 24 and 25, 2013, BMI sent an investigator to the Establishment. *Id.* ¶ 10. The investigator made an audio recording and prepared a written report regarding the public performance of copyrighted musical compositions at the Establishment. *Id.* Review of the audio recording made by the investigator confirmed that the musical compositions identified in the Complaint and attached schedule were publicly performed at the Establishment. *Id.* ¶¶ 11, 12. On October 31, 2013, BMI sent a letter to Defendants informing them of the investigation. *Id.* ¶ 13; Doc. No. 18-4 at 17.

Stevens avers that had the Defendants entered into a license agreement at the time BMI first contacted them, the estimated license fees between January 2011 and December 2013 would have been $7,315.00. *Id.* ¶ 17. The current annual license fee would be approximately $2,552.00. *Id.*

Based on this evidence, Plaintiffs request an award of $3,000.00 in statutory damages for each of the eight copyrighted musical compositions infringed, for a total of $24,000.00. Doc. No. 18 at 8. Statutory damages must be calculated according to the number of separately copyrightable works infringed, not on the number of infringements. *Disney Enters., Inc. v. Law*, No. 6:07-cv-1153-Orl-18GJK, 2008 WL 203393, at *4 (M.D. Fla. Jan. 23, 2008). Courts have discretion to award between $750 and $30,000 in statutory damages for all infringements of each work. 17 U.S.C. § 504(c). When the copyright owner sustains the burden of proving that an infringement was committed wilfully, the court may increase the award of statutory damages up to $150,000 for each infringement. *Id.*

"'The employment of the statutory yardstick, within [these] set limits, is committed solely to the court which hears the case . . . .'"  *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990) (quoting *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935)). In awarding statutory damages, the Court may consider several factors, "including . . . revenues lost by [the] copyright holder as a result of infringement, and [the] infringer's state of mind, whether willful, knowing or innocent." *Nintendo of Am. v. Ketchum*, 830 F. Supp. 1443, 1445 (M.D. Fla. 1993).   The court may also "take into account the attitude and conduct of the parties," and should consider "the deterrent value of the sanction imposed."  *Cable/Home*, 902 F.2d at 852 (internal quotation omitted).

Having carefully considered the evidence, I recommend that the Court find that Plaintiffs' request for $24,000 in statutory damages is reasonable.   In light of the continued unauthorized performance of the copyrighted musical compositions despite the repeated receipt of cease and desist letters and personal and telephone conversations with BMI licensing personnel, a penalty that exceeds the amount of the licensing fees avoided by Defendants is appropriate to deter future infringing acts.  *See Evie's Tavern*, 2013 WL 5487066, at *6 (awarding $3,390.66 in statutory damages for each of five compositions infringed, for a total of $16,953.30); *Milk Money Music v. Oakland Park Entm't Corp.*, No. 09-cv-61416, 2009 WL 4800272, at *3 (S.D. Fla. Dec. 11, 2009) (awarding $7,000.00 in statutory damages for each of four compositions infringed, for a total of $28,000.00).

C.     *Injunctive Relief.*

    1.     <u>Whether Injunctive Relief is Appropriate</u>.

      The Copyright Act provides for injunctive relief to prevent further infringement of a copyright.   17 U.S.C. § 502(a).   "Injunctive relief is a traditional remedy for copyright infringement, and is especially favored where there is a history of continuing infringement and a substantial threat of continued infringement."   *Sony Music Entm't Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999).   Injunctive relief may be granted when the moving party shows the following: (1) it has achieved actual success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and, (4) if issued, the injunction would not be adverse to the public interest.   *Broad. Music, Inc. v. S.T. Complex, LLC*, No. 10-CV-80713, 2010 WL 4922992, at *4 (S.D. Fla. Nov. 29, 2010) (citing *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam)).

      All four elements required for granting a permanent injunction are met here.   As discussed above, the well-pleaded allegations of the Complaint are sufficient for Plaintiffs to achieve actual success on the merits of each of their claims.   As to irreparable injury, Plaintiffs argue that Defendants were repeatedly advised by Plaintiffs that they were infringing on Plaintiffs' copyrights.   Doc. No. 18 at 9.   Nevertheless, Defendants refused to obtain a license from BMI even though they continued to perform Plaintiffs' musical compositions without authorization. *Id.*   While such repeated infringement could be compensated monetarily through further infringement suits, to do so would require Plaintiffs to continuously monitor Defendants' activities at the Establishment in order to identify infringing acts.   The concept of "irreparable harm" does not require such vigilance on behalf of the copyright owners.   *Cf. Pacific & S. Co. v. Duncan*,

744 F.2d 1490, 1499 (11th Cir. 1984) (plaintiff entitled to an injunction when it can only enforce its copyrights through multiple infringement actions).

Balancing the hardships between the parties, Defendants have not appeared or established that they will suffer any injury from the entry of an injunction.   The only apparent harm to Defendants resulting from an injunction would be their preclusion from publicly performing copyrighted musical compositions without BMI's permission.   This is not a legally cognizable harm worthy of the Court's protection.   *See Storer Commc'ns, Inc. v. Mogel*, 625 F. Supp. 1194, 1203 (S.D. Fla. 1985) ("The alleged illegal activities of the defendants are not worthy of any protection by this Court.")   The public's interest weighs in favor of injunctive relief because the public has an interest in protecting copyrights.   *S.T. Complex, LLC*, 2010 WL 4922992, at *4. Accordingly, I recommend that the Court find that Plaintiffs are entitled to a permanent injunction.

2.   <u>Terms of Plaintiffs' Proposed Permanent Injunction</u>.

Plaintiffs request the entry of a permanent injunction in the following form:

> Defendants PRB Productions, Inc. d/b/a Baroos Beachside Bar and Peter R. Brown and their agents, servants, employees and all persons acting under their permission or authority shall be permanently enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc.

Doc. No. 18 at 10 & n.5; Doc. No. 18-8.

When, as here, the defendants have shown an unwillingness to obtain a license, courts have granted broad injunctions covering all musical compositions licensed by performing rights licensing organizations like BMI.   *See Major Bob Music v. Heiman*, No. 09-cv-341-bbc, 2010 WL 1904341, at *6 (W.D. Wis. May 11, 2010) ("[T]he broader injunction covering all ASCAP music is appropriate in cases in which the copyright infringer has demonstrated his unwillingness to obtain a license."); *Joelsongs v. Shelley Broad. Co.*, 491 F. Supp. 2d 1080 (M.D. Ala. 2007) ("[T]here is substantial and longstanding precedent for such broad injunctions . . . ."); *see also*

*Broad. Music, Inc. v. McCharacters Music Café & Sports Bar, LLC*, No. 3:13-cv-360-J-39JRK,

2014 U.S. Dist. LEXIS 49901, at *16 (M.D. Fla. Jan. 29, 2014), *adopted* 2014 U.S. Dist. LEXIS

50609 (M.D. Fla. Apr. 10, 2014) ("Given Defendants' ongoing violations . . . [t]he

undersigned . . . recommends that a permanent injunction be issued prohibiting the individual

Defendants from infringing in any manner, the copyrighted musical compositions licensed by

BMI.").   Accordingly, I recommend that the Court enter a permanent injunction in the form that

the Court finds appropriate.[2]

       D.    *Attorneys' Fees and Costs.*

       The Copyright Act authorizes a court to award costs, including attorney's fees, to Plaintiffs

as the prevailing party.   17 U.S.C. § 505.   Fees and costs are commonly awarded by courts in

copyright infringement default cases.   *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d

1310, 1316 (S.D. Fla. 2003).   A showing of willful infringement further justifies such an award.

*Id.*

       Defendants' acts of infringement were willful in the instant case because, as Defendants

admitted by virtue of their default, BMI notified Defendants repeatedly regarding the necessity of

a license for the public performance of copyrighted musical compositions.   Doc. No. 1 ¶¶ 27-28.

Yet, Defendants continued to publicly perform or cause to be publicly performed musical

compositions without a license or permission to do so.   *Id.* ¶ 34.   Under these circumstances, and

in the absence of objection, I recommend that the Court find that an award of attorney's fees and

costs is appropriate.

---

    [2] Plaintiffs have submitted a proposed Final Judgment that includes a permanent injunction.   Doc.
No. 18-8.

1.   <u>Attorney's Fees – Lodestar Analysis</u>.

When determining if a fee is reasonable, federal courts employ the familiar lodestar approach.   *See Nick-O-Val Music Co. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826 (M.D. Fla. 1987) (awarding fees in copyright case using the lodestar).   Here, Plaintiffs seek recovery of $2,850.00 in attorney's fees.   Doc. No. 18 at 10.   In support of their request, Plaintiffs have submitted the Declaration of Zachary D. Messa, one of their attorneys, and a time sheet.   Doc. No. 18-7.

Attorney Messa avers that he was admitted to the Florida bar in September 2001.   *Id.* at 1. He further avers that he charged Plaintiffs an hourly rate of $250.00 for attorney time, and that this rate is reasonable in light of his experience representing BMI in federal court.   *Id.* at 2.   This is a reasonable rate for an attorney with thirteen years of experience in the central Florida market in the absence of objection.   *See Broad. Music, Inc. v. Toronto Inv. Group LLC*, No. 6:11-cv-1223-Orl-37KRS, Doc. No. 17 at 9 (M.D. Fla. May 22, 2012), *adopted* Doc. No. 21 (M.D. Fla. June 29, 2012) (finding a $250.00 hourly rate was reasonable for Attorney Messa).

Attorney Messa also submitted a time sheet showing that he (timekeeper 903) worked 11.4 hours on the case.   Doc. No. 18-7.   Although a portion of the work performed is redacted, the time worked appears to be reasonable in the absence of objection.   Therefore, I recommend that the Court find that Plaintiffs are entitled to 11.4 hours of attorney time at the rate of $250.00 per hour, for a total lodestar attorney's fee of $2,850.00.

2.   <u>Costs</u>.

Plaintiffs seek to recover the $400.00 filing fee and $225.00 in service of process costs, for a total of $625.00 in costs.   Doc. No. 18 at 10.   The docket reflects that Plaintiffs paid a $400.00 filing fee.   Attorney Messa avers that Plaintiffs also incurred $225.00 in service of process costs. Doc. No. 18-7 at 2.   The statement of disbursements attached to Attorney Messa's Declaration

shows that two payments totaling $225.00 were made to "SLK INVESTIGATIONS INC." *Id.* at 4. The record reflects that service of process was executed as to both Defendants by SLK Investigations, Inc. *See* Doc. Nos. 10, 16-1.

Both the filing fee and the service of process costs are taxable costs. *See* 17 U.S.C. § 505; 28 U.S.C. § 1920. Therefore, I recommend that the Court find that Plaintiffs are entitled to a total of $625.00 in costs.

> E. *Post-Judgment Interest.*

Plaintiffs also request post-judgment interest on all amounts awarded, pursuant to 28 U.S.C. § 1961. Doc. No. 18 at 10. I recommend that the Court find that Plaintiffs are entitled to post-judgment interest as appropriate under § 1961. *See Bertam Music Co. v. P&C Enters., Inc.*, No. 09-CV-2253, 2011 WL 2633666, at *14 (C.D. Ill. July 5, 2011) (awarding post-judgment interest in a copyright case); *McCharacters Music Café & Sports Bar*, 2014 U.S. Dist. LEXIS 49901, at *22-23 (same).

## V. RECOMMENDATION.

For the reasons set forth above, I respectfully recommend that the Court do the following:

1. **GRANT** the Motion for Final Default Judgment (Doc. No. 18);

2. **AWARD** Plaintiffs statutory damages in the amount of $24,000.00;

3. **AWARD** Plaintiffs' attorney's fees in the amount of $2,850.00 and costs in the amount of $625.00;

4. **ENTER** a Final Judgment, including a permanent injunction in a form that the Court finds appropriate, with post-judgment interest;

    5.      **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 21, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy